SARAH F. HARRINGTON vs. ADAM HARRINGTON, Administrator.

The wife of a devisee of real estate is not entitled to notice of a petition of the devisor's
administrator for license to sell it for the payment of debts, legacies and charges of ad-
ministration.

APPEAL from a decree of the court of probate, granting a
license to the administrator, with the will annexed, of the estate
of Micah Monroe, to sell the whole of said Monroe's real estate
for the payment of debts, legacies and charges of administra-
tion.   The reason assigned by the judge for licensing a sale of
the whole estate was, that " by the sale of a part thereof, the
residue would be greatly injured."

The appellant was the wife of Charles A. Harrington, who
was Monroe's residuary devisee and legatee, and who certified
in writing his consent to the petition for leave to sell.   One rea-
son of appeal was that the appellant " had no notice, actual or
presumptive, of the petition for said license, and that the same
was granted, recorded and delivered, before she had any knowl-
edge of the same, greatly to the prejudice of her legal and con-
tingent right of dower in the residuum of said real estate, as the
wife of said residuary devisee."

Metcalf, J., being of opinion that the appellant had no legal
right of appeal from said decree of the probate court, dismissed
the appeal, subject to the opinion of the full court.

I. M. Barton, for the appellant.   The appellant had a contin-
gent right of dower in the real estate devised to her husband,
which right would be utterly defeated by the proposed sale.
She was therefore entitled to notice of the petition for the
license, and to appeal from the decree granting it.   Rev. Sts.
c. 71, §§ 8, 9;   c. 83, § 34.   Sewall v. Raymond, 7 Met. 457.
Smith v. Bradstreet, 16 Pick. 264.   Boynton v. Dyer, 18 Pick. 3.
Wiggin v. Swett, 6 Met. 197.   Bryant v. Allen, 6 N. H. 116.

P. C. Bacon, for the appellee.

BIGELOW, J.   This case does not fall within any previous de-
cision of this court, relating to the notice to be given to persons

interested, on a petition to sell the real estate of a deceased person for the payment of his debts. The cases most nearly resembling it are *Smith* v. *Bradstreet,* 16 Pick. 264, and *Boynton* v. *Dyer,* 18 Pick. 1.

The former case was an appeal of a creditor of an heir of a deceased person, who had caused the share of the real estate, which had descended to the heir, to be attached on mesne process. It was held, that he was a person interested and entitled to appeal from a decree allowing the will of the deceased. His interest in the real estate was a present existing lien upon it, by virtue of his attachment, which in due course of law would ripen into a title which would relate back to and take effect from the attachment.

The case of *Boynton* v. *Dyer* was an appeal by the children of a person *non compos,* from a decree allowing the account of a guardian. Their right to appeal was placed on the ground that no person other than the heirs presumptive of a *non compos,* competent to take an appeal, had any interest in the question. It might also be added that they were entitled to notice within the express terms of the statute then in force. By *St.* 1783, *c.* 38, § 4, it was provided that guardians might in certain cases be licensed to sell the real estate of their wards in like manner as the real estate of persons deceased might be sold by executors and administrators. The statute in such cases regarded the ward as civilly dead, and his heirs as persons directly interested in his real estate.

The case at bar is clearly distinguishable from these decisions. The entire legal estate was vested in the devisee, who was competent to take notice of the petition and assent to the same. His wife had no present existing right or interest in the land. Her right was only inchoate and contingent, depending on the event of her surviving her husband. This, we think, was altogether too remote and uncertain a right to entitle her to notice of the petition for sale, as a party interested within the meaning of the statute.

We believe the practice in this commonwealth has been uniform, in cases like the present, to regard the wife of an heir or

devisee of a deceased person as having no such interest in the real estate which comes to her husband as heir or devisee, as to entitle her to notice of a petition to sell the real estate for the payment of the debts of the deceased. Even if the question were a doubtful one, we should be slow to reverse the settled practice by a decision, which might seriously affect titles to real property heretofore acquired under sales authorized by decrees of the probate court.                    *Appeal dismissed.*